UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO..........
24-cv-80197-**RLR**

YORDAN TANEFF,

    Plaintiff,

v.

PALM BEACH PLANNING, ZONING & BUILDING DEPARTMENT,

    Defendant.

FILED BY MEB D.C.
FEB 20 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLAINTIFF'S COMPLAINT

I, **YORDAN TANEFF**, the plaintiff herein, acting *Pro Se*, do file this complaint against PALM BEACH PLANNING, ZONING & BUILDING DEPARTMENT for illegalities that its agents, officials, or employees committed against the Plaintiff in the course of code enforcement.

## INTRODUCTION

This civil action arises from Notices of Violation dated December 19, 2023 served on the Plaintiff by the Defendant. The Plaintiff brings federal constitutional claims against the Defendant for committing acts under color of law that deprived him of his rights under the Constitution of the United States and the laws of the State of Florida by failing to issue

1

warrants of inspection or inform him of inspection on his premises situate at 7796 Overlook Rd, Lake Worth, FL and also recommending corrections that are founded on unreasonableness and illegality.

This complaint arises from a series of actions in which the Defendant violated the rights of the Plaintiff enshrined in the US Federal Constitution as well as the Florida Constitution. Through aerial photographs, the Defendant inspected the Plaintiff's home for compliance with various Codes of Palm Beach county.

The Defendant cited the Plaintiff for violation of:

a) Section 14-35 (a) Palm Beach County Property Maintenance Code

b) 105.1 PBC Amendments to FBC 7th Edition (2020)

c) 105.1 PBC Amendments to FBC 7th Edition (2020)

d) 105.1 PBC Amendments to FBC 7th Edition (2020)

## JURISDICTION AND VENUE

1. The Plaintiff seeks relief under the Fourth Amendment of the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

2. Venue is proper in the Southern District Court of Florida, pursuant to 28 U.S.C. § 1391(b), as the Defendants work and/or reside in this District, and all of the acts and omissions giving rise to this action occurred in Palm Beach County.

3. The Court has federal question jurisdiction over the Plaintiff's federal law claims. The Plaintiff's state law claims are related to these federal claims and form a part of the same case or controversy. The Court accordingly has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a) and Article v Section 3 of the Florida Constitution.

4. All conditions precedent to the maintenance of this action, including those set forth in Florida Statute §768.28, have been performed, have occurred prior to its institution, or have been waived.

## PARTIES

5. At all times material hereto, the Plaintiff, was a resident of Palm Beach County, Florida. The Plaintiff is an 87 year-old male, who lives at 7796 Overlook Road Lantana, FL 33462 and survives on social security funds.

6. At all times material hereto, Defendant, PALM BEACH PLANNING, ZONING & BUILDING DEPARTMENT, is an entity, corporate and political, duly organized under the laws of the State of Florida. PALM BEACH PLANNING, ZONING & BUILDING DEPARTMENT is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and is responsible for their training, supervision, and conduct. PALM BEACH PLANNING, ZONING & BUILDING DEPARTMENT is also responsible for ensuring that its police personnel obey the laws of the State of Florida and ensuring that its rules and regulations are followed and enforced.

7. The Defendant is sued for the actions of its officials, agents, and employees.

## **FACTUAL ALLEGATIONS**

8. On or about December 19, 2023, the Defendant served the Plaintiff with a Notice of Violation stating that an inspection revealed that his premises at 7796 Overlook Rd, Lake Worth, FL violated more than one codes of Palm Beach County, Florida *inter alia*:

   a) Section 14-35 (a) Palm Beach County Property Maintenance Code

   b) 105.1 PBC Amendments to FBC 7th Edition (2020)

   c) 105.1 PBC Amendments to FBC 7th Edition (2020)

   d) 105.1 PBC Amendments to FBC 7th Edition (2020)

9. The Notice of Violation required that the Plaintiff removes all open/outdoor storage of inoperable vehicles, appliances, glass, building material, construction debris, automotive parts, tires, vegetative debris, garbage, trash or similar items on the property.

10. The Notice of Violation further required that the Plaintiff obtains required building permits for the addition or remove the addition. The Plaintiff was also required by the Notice of Violation to obtain required building permits for the fence or remove the fence.

11. The last correction requirement in the Notice of Violation was to obtain required building permits for the paver driveway or remove the paver driveway.

12. That the most notable thing from the inspection by the Palm Beach Planning, Zoning & Building Department and service of the Notice of Violation upon the Plaintiff was that the said inspection was illegal, unconstitutional, unprocedural and an abuse of powers vested in the Defendant.

## COUNT 1:

## VIOLATION OF THE PLAINTIFF'S RIGHT TO PROTECTION FROM UNREASONABLE SEARCHES

13. The Fourth Amendment to the United States Constitution, made applicable to the states through the due process clause of the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643, *rehearing denied*, 368 U.S. 871 (1961), guarantees to all persons the right of privacy free from unreasonable state intrusion. In addition, s. 12, Art. I, State Const., provides protection from unreasonable searches and seizures.

14. The Fourth Amendment of the US Federal Constitution states that:

    "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

15. *Section 12 Article I of the Florida Constitution re-affirms the provisions of the* Fourth Amendment of the US Constitution and provides as follows:

    "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th

Amendment to the United States Constitution, as interpreted by the United States Supreme Court....."

16. Article I Section 12 of the Florida Constitution affords the Plaintiff the right to be secure in his, house and safeguards him against unreasonable searches and seizures, it is clear from the facts of this case that in total disregard for the Supreme law of this land, the Defendant conducted an illegal inspection and subsequent issuance of a notice of Violation to the Plaintiff herein.

17. The conduct of the Defendant which through its agents carried out an inspection of the Plaintiff's residence at 7796 Overlook Rd, Lake Worth, FL, without a warrant and notice to the Plaintiff constituted contravention of the Fourth Amendment of the Federal Constitution as well as Section 12 Article I of the Florida Constitution.

18. The Plaintiff's residence at 7796 Overlook Rd, Lake Worth, FL, is a private residence and as such the inspection of the premises without issuing a warrant and a notice to the Plaintiff is illegal, unlawful, and improper and a violation of the rights provided under the Federal and State Constitutions.

19. Furthermore, the search conducted on the Plaintiff's premises is unreasonable on the following **GROUNDS**:

   a) THAT the inspection conducted by the Defendant violates the Fourth Amendment rights of the Plaintiff. The correct process of conducting an inspection is to notify the property owner of the intended inspection before proceeding to conduct the inspection.

   b) THAT the paver driveway is in good state and has been through numerous

6

hurricanes including Hurricane Wilma which occurred between 15 and 25 October 2005 in which maximum sustained winds were estimated to be near 105 kt thus there is no need to remove them.

c) THAT the fence is in good condition thus there is no need to repair it. The Notice of Violation by the Department is therefore unreasonable.

d) THAT the utility shed in the backyard is in a good condition and as such, directives that the Plaintiff obtains required building permits for the addition or remove the addition are arbitrary and unreasonable.

**WHEREFORE**, the Plaintiff prays for:

a. A declaration that the conduct of the Defendant Constituted a violation of the Plaintiff's right against unreasonable searches under the Fourth Amendment of the Federal Constitution.

b. A declaration that the conduct of the Defendant Constituted a violation of the Plaintiff's right against unreasonable searches under Article I Section 12 of the Florida Constitution.

c. An order staying the compliance requirements by the Defendant's Code Enforcement Division as per its Notice of Violation dated December 19, 2023.

d. A **JUDICIAL REVIEW ORDER OF CERTIORARI** to quash the compliance requirements by the Defendant's Code Enforcement Division as per its Notice of Violation dated December 19, 2023.

e. A **JUDICIAL REVIEW ORDER OF PROHIBITION** barring the Defendant's, Code Enforcement Division from conducting illegal and unconstitutional searches on the Plaintiff's property.

f. Trial by jury as to all issues so triable; and

g. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2:

### VIOLATION OF SS. 933.20-933.30, F.S

20. The Planning and Zoning Code inspectors are without authority to enter onto any private, commercial or residential property to assure compliance with or to enforce the various technical codes of the municipality or to conduct any administrative inspections or searches without the consent of the owner or the operator or occupant of such premises or without a duly issued search or administrative inspection warrant.

21. The procurement and issuance of administrative inspection warrants is governed by the provisions of ss. 933.20-933.30, F.S. However, owner-occupied family residences are exempt from the provisions of ss. 933.20-933.30, F.S., and as to those residences a search warrant or the prior consent and approval of the owner is required.

8

22. In the present instance, the Plaintiff's residence at 7796 Overlook Rd, Lake Worth, FL, is an owner-occupied residence and is therefore exempt from the provisions of ss. 933.20-933.30, F.S.

23. Therefore, the inspections carried out by the defendant were unconstitutionally conducted since they were carried out without the consent of the Plaintiff herein, who is the owner and occupant of the affected premises or without a duly issued search or administrative inspection warrant.

**WHEREFORE**, the Plaintiff prays for:

h. A declaration that the conduct of the Defendant Constituted a violation of the Plaintiff's right against unreasonable searches under the Fourth Amendment of the Federal Constitution.

i. A declaration that the conduct of the Defendant Constituted a violation of the Plaintiff's right against unreasonable searches under Article I Section 12 of the Florida Constitution.

j. An order staying the compliance requirements by the Defendant's Code Enforcement Division as per its Notice of Violation dated December 19, 2023.

k. A **JUDICIAL REVIEW ORDER OF CERTIORARI** to quash the compliance requirements by the Defendant's Code Enforcement Division as per its Notice of Violation dated December 19, 2023.

l. A **JUDICIAL REVIEW ORDER OF PROHIBITION** barring the Defendant's, Code Enforcement Division from conducting illegal and unconstitutional searches on the Plaintiff's property.

m. A **JUDICIAL REVIEW ORDER OF MANDAMUS** compelling the Defendant's Code Enforcement Division to set aside and abandon the zoning compliance requirements against the Plaintiff.

n. Trial by jury as to all issues so triable; and

o. Such other relief as this Honorable Court may deem just and appropriate.

## PRAYERS FOR RELIEF

**REASONS WHEREFORE**, the Plaintiff prays for:

a. A declaration that the conduct of the Defendant Constituted a violation of the Plaintiff's right against unreasonable searches under the Fourth Amendment of the Federal Constitution.

b. A declaration that the conduct of the Defendant Constituted a violation of the Plaintiff's right against unreasonable searches under Article I Section 12 of the Florida Constitution.

c. An order staying the compliance requirements by the Defendant's Code Enforcement Division as per its Notice of Violation dated December 19, 2023.

d. A **JUDICIAL REVIEW ORDER OF CERTIORARI** to quash the compliance requirements by the Defendant's Code Enforcement Division as per its Notice of Violation dated December 19, 2023.

e. A **JUDICIAL REVIEW ORDER OF PROHIBITION** barring the Defendant's, Code Enforcement Division from conducting illegal and unconstitutional searches on the Plaintiff's property.

f.  A **JUDICIAL REVIEW ORDER OF MANDAMUS** compelling the Defendant's Code Enforcement Division to set aside and abandon the zoning compliance requirements against the Plaintiff.

g.  Trial by jury as to all issues so triable; and

h.  Such other relief as this Honorable Court may deem just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues within this Complaint.

### DEMAND FOR EXPEDITED PROCEEDINGS

The Plaintiff hereby demands expedited proceeding because of his advanced age.

Respectfully submitted this **19th day of February, 2024**

Signed this ___19th_____ day of ___February_____, 20_24__

*/s/ Yordan Taneff*
_____
**Signature of Plaintiff**

**I declare under penalty of perjury that the foregoing is truce and correct.
Executed on:___February 19, 2024_____**

*/s/ Yordan Taneff*
_____
**Signature of Plaintiff**

**YORDAN TANEFF
7796 Overlook Road Lantana, FL 33462
Telephone: 561-585-3238
Email: yordantaneff@gmail.com
PLAINTIFF,** *pro se*

11